# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

EDWARD LEE ALLEN                                                                                          PLAINTIFF
ADC #657950

V.                                    NO: 3:11CV00179 DPM/HDY

WALTER TOWNE                                                                                           DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Edward Lee Allen filed a complaint (docket entry #1) on September 7, 2011, naming as a Defendant Walter Towne, a treatment supervisor at the Northeast Arkansas Community Correction Center.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

2

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, on August 11, 2011, Defendant came into his "pod" and threatened him and others there with violence if they misbehaved. Plaintiff also asserts that Towne also said that he would take away their visits and phone calls. Because Plaintiff has failed to state a claim for relief, his complaint should be dismissed.

Verbal threats do not generally rise to the level of a constitutional violation. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992). An exception to this rule is when the verbal threat rises to the level of a "wanton act of cruelty" so that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir.1986). The "threat" described by Plaintiff appears to be more of a figurative threat than an actual threat. Regardless, the threat was conditioned on misbehavior by Plaintiff and others, and could not reasonably be construed to put him in fear of instant and unexpected death. Additionally, there is no indication that any physical harm came to Plaintiff, or that his visitation or phone privileges were in any way restricted. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and his complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.  Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.  This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.  The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   20   day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE